## August Haberstitch et al. v. Moses B. Elliott.

1. WILLS—*Construction, Where the Testator is a Surety for a Lega-. tee—Advancements.*—Where a will gave lands to testator's widow for life, with remainder to Gottlieb and other children, "subject to the following deductions: From Gottlieb Haberstich's portion, the amount now unknown to me, which I, as one of his bondsmen, will have to pay for him;" and testator at the date of the will was surety for Gottlieb on notes which were afterward proved against testator's estate and paid therefrom; *held,* that, in the absence of proof of any bond or other instrument upon which testator was surety for Gottlieb, said notes must be considered the liability referred to in the will.

2. ADVANCEMENTS—*Surety Debts Can Not be Turned into, as Against Creditors—Wills.*—Where a father signed notes as surety for a son, and they were paid out of his father's estate after his death, but the father advanced no money to the son, and did not express or charge in writing that he had made the son an advancement, and the son did not in his father's lifetime acknowledge in writing that he had received an advancement, the son can not, by a writing signed after his father's death, turn surety debts into an advancement, as against his judgment creditor or grantee.

3. SAME—*Adjustment of, in Partition Suits, etc.—Devisees and Judgment Creditors.*—Where in such case, after the death of the testator a judgment against one devisee becomes a lien upon his interest in land, and afterward he conveys his interest to another, and other devisees then file a bill for partition, and do not set up said surety debts as the deductions required by said will, but only allege the payment of said debts were advancements, and ask their payment out of the share of such devisee as advancements, such payment is properly refused as against the judgment creditor and the grantee of such devisee.

4. SAME—*In Partition Suits, Where the Bill Charges an Advancement to a Devisee.*—But where the bill for partition charges an advancement to such devisee, and asks that it be deducted from his portion of the land, and the devisee is served with summons as a defendant and suffers default, and has consented in writing that his interest in the land be so applied, then, as to land devised to him which he has not conveyed and upon which there is no judgment lien, the prayer of the bill should be granted.

**Bill for Partition.**—Appeal from the Circuit Court of DuPage County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the April term, 1900. Affirmed in · part and reversed in part and remanded. Opinion filed October 8, 1900.

WILLIAM NUNN, attorney for appellants.

J. F. Snyder and Jay P. Smith, attorneys for appellee.

Mr. Justice Dibell delivered the opinion of the court.

Christian Haberstitch died November 3, 1884, the owner of a farm of 110 acres in DuPage county, and of a timber lot of four acres in Cook county. He left a will which was probated. By the will he gave his property to his wife, Elizabeth, for life, with power of disposition. He provided that after the death of his wife the property remaining should be divided equally among nine of his children, subject to certain deductions. He appointed his wife executrix of the will. She died September 6, 1897. Some of the devisees had died leaving heirs. In September, 1899, this bill for partition and other relief was filed, all parties having any interest in the property being either complainants or defendants. Much of the bill, evidence and decree related to setting aside certain deeds by and to the widow as constructive frauds upon the residuary devisees, and for providing for paying certain mortgages, but no fault is found with the decree upon these subjects. The matter here litigated relates solely to the disposition made by the court below of the share of Gottlieb Haberstitch, one of the devisees.

The will provided, "after the death of my wife the property remaining shall be divided among the following of my children in equal shares, to wit:" (here follow the names of nine children, the third named being Gottlieb) ". with the exception of the four first mentioned, whose shares shall be subject to the following deductions: From Gottlieb Haberstitch's portion the amount now unknown to me which I, as one of his bondsmen, will have to pay for him." * * * This will was dated April 6, 1883. After administration of the estate of Christian Haberstitch had been begun in the County Court, four claims were filed and allowed against it upon notes dated prior to the making of said will, each signed by Gottlieb Haberstitch first, and next by Christian Haberstitch. These claims, amounting to nearly $1,200 when allowed, after the executrix had paid some interest thereon, were paid by the executrix with money raised by

a mortgage on the farm, and represented by a later mortgage now resting on the farm, which by the decree is made a first lien. On November 12, 1892, Gottlieb Haberstitch signed the following paper:

"I, Gottlieb Haberstitch, do hereby acknowledge that my mother, Elizabeth Haberstitch, as executrix of the last will and testament of my father, Christian Haberstitch, deceased, has paid the sum of $1,300, as the capital and interest of notes which my father signed as surety; and I hereby agree that the said sum of $1,300 shall be deducted from my share of the estate of my father, when said estate shall be finally settled."

On January 5, 1898, Moses B. Elliott recovered a judgment against Gottlieb Haberstitch in the Circuit Court of DuPage County for $551.54 and costs, and execution was duly issued thereon, and returned unsatisfied. Elliott set up his rights thereunder by answer. On November 10, 1898, Gottlieb Haberstitch and wife conveyed his interest in the farm to John Walther by quit-claim deed. The complainants urge that the moneys paid upon said claims should first be deducted from the share given Gottlieb by the will. The decree ignored this claim, and found the fee in the share of the farm devised to Gottlieb Haberstitch was in Walther, subject only to Elliott's judgment, and that the fee in the share of the timber lot devised to Gottlieb Haberstitch was in him, without any deduction.

The complainants sought to prove by various witnesses that the notes embodied in said claims against the estate evidenced debts of Gottlieb upon which his father was only a surety. Some of the witnesses so testified, but cross-examination elicited that their knowledge was substantially based upon what the father and mother had said. It was therefore only hearsay. But the paper signed by Gottlieb Haberstitch, dated November 12, 1892, was certainly competent evidence against him. If it was also competent evidence against his judgment creditor, Elliott, and his grantee, Walther, then it proved as against Elliott and Walther also, that Christian Haberstitch was only surety for Gottlieb upon these notes. They were each dated

Haberstitch v. Elliott.

before the will was drawn.  Were these the debts which were to be deducted under the provisions therein "subject to the following deductions :  From Gottlieb Haberstitch's portion the amount now unknown to me, which I, as one of his bondsmen, will have to pay for him."  That language most readily refers to a formal bond or bonds under seal, and signed by Christian Haberstitch and some other surety for Gottlieb Haberstitch.  But "bondsman" is also used in a more general sense as one who is surety in any form for another.  It is clear from the will that at the time the will was drawn Christian Haberstitch was surety for his son, Gottlieb; that he did not then know how much he would have to pay for him, but whatever he did have to pay he intended and directed should be deducted from the equal share he was giving Gottlieb.  These notes were then outstanding.  Christian was surety for Gottlieb on them. Though not paid during Christian's life, they were paid out of his estate after his death.  There is no proof he was surety for Gottlieb on any other paper  The above provision from the will had a meaning, and that meaning ought to be enforced, and as the proof stands we think it a fair inference the will referred, though not in the most exact language, to the liability on these notes.  Therefore, if the will were carried into effect, Gottlieb's one-ninth interest in the farm and timber lot would be first subject to a deduction of the amount paid on these claims, before his judgment creditor or his grantee could take any lien or title.

We, however, find what seems to us an insuperable obstacle to granting the estate such relief as against Elliott and Walther.  The bill is not framed upon such a theory and does not ask such relief.  It does not state the giving of these notes and does not charge that Christian Haberstitch was surety for Gottlieb Haberstitch thereon.  The whole will was necessarily set out in the bill, but the bill does not charge that these notes constituted the liability as bondsman referred to in the will in connection with the devise to Gottlieb and which was to be deducted from his share.  It does not state the filing and allowance of these claims and

their payment by the executrix. The only allegations of the bill on this subject are the following :

"That Gottlieb Haberstitch has received as an advancement on his share of the estate of Christian Haberstitch, deceased, the sum of $1,300, and has acknowledged the receipt of the same in writing. * * * That Moses B. Elliott pretends to claim a lien upon any interest, if any, which Gottlieb Haberstitch may have in said estate of Christian Haberstitch, deceased, by reason of a judgment obtained against said Gottlieb Haberstitch in this court on January 5, 1898, for $551.54, and John Walther pretends to claim the interest, if any, which Gottlieb Haberstitch may have in said estate, by reason of the quit-claim deed from said Gottlieb Haberstitch and Marie Haberstitch, his wife, dated November 10, 1898, * * * but your orators say that the said Gottlieb Haberstitch received before said judgment, and before the execution of the deed last aforesaid, more than his full share of the estate of said Christian Haberstitch, deceased, as hereinbefore set forth, and therefore neither the said Moses B. Elliott, nor the said John Walther, has any claims or interest in any part of said estate."

The whole case of the complainants is therefore put upon the ground of an advancement by deceased to Gottlieb Haberstitch, acknowledged as such by the latter in writing. (R. S. Chap. 40, Sec. 7.) Christian Haberstitch did not, in fact, make Gottlieb any advancement. He paid out nothing for Gottlieb during his lifetime. Christian Haberstitch did not express or charge in writing that he had made Gottlieb an advancement. Gottlieb did not during his father's life acknowledge in writing that he had received an advancement. The rights of the parties were fixed when Christian died. If there had been any advancement it must have been so declared in writing before that time. If at the time Christian died no advancement had been made and so charged in writing or acknowledged in writing, an advancement could not afterward be created by the act of the executrix in paying out money on debts of Gottlieb and by the subsequent acknowledgment of Gottlieb. The will cast the title to one-ninth of this farm and timber lot upon Gottlieb, subject to his mother's life estate and power of disposition, and subject to deductions for debts paid by his father for

him.   Upon that title to one-ninth of the farm Elliott acquired a judgment lien, and Walther acquired the fee thereof subject to said lien.   That lien and title could not be divested or affected by seeking to create an advancement out of that which was not an advancement when Christian Haberstitch died.   The decree must therefore be sustained as to the farm.

The decree should, however, be modified in one respect. The timber lot is in Cook county.   Elliott's judgment was never a lien upon it.   Gottlieb did not deed it to Walther. The decree finds Gottlieb owns a one-ninth interest in it under the will.   Gottlieb was made a defendant and was served with summons.   He was defaulted.   By the instruments above set out, signed by him, he admitted he had received his full share of the estate and agreed that $1,300 should be deducted from his share.   By his default he admits, as to the title still remaining in him, the charge of an advancement stated in the bill.   We see no reason why his interest in the timber lot should not be applied as he agreed and as the bill asks.   The decree is reversed as to the timber lot with directions to modify it in that respect. As·this does not affect Elliott or Walther they should not be required to pay the costs of this court, which must, therefore, be adjudged against appellants.

Affirmed in part, reversed in part, and remanded with directions.